IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. PLOUFFE, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-cv-2272 |
| | : | |
| CAROLYN W. COLVIN | : | |

## MEMORANDUM OPINION

**SCHMEHL, J.  /s/ JLS**                                                          **JANUARY 25, 2017**

Currently pending before the Court are Plaintiff's Objections to the Report and Recommendation of former United States Magistrate Judge M. Faith Angell.  For the reasons that follow, the Court sustains one of the Objections and remands this action to the Commissioner of Social Security for further proceedings consistent with this Opinion.

**I.     PROCEDURAL HISTORY**

On August 19, 2011, Plaintiff protectively filed a claim for disability insurance benefits under Title II of the Social Security Act.  (ECF 10-2 at 25.)   His claim alleged disability beginning October 10, 2009.  (Id.)  The state agency denied Plaintiff's application on January 26, 2012. (Id.)   Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  (Id.)  The ALJ conducted a video hearing on October 11, 2012, at which time plaintiff, his sister and a vocational expert ("VE") testified.  (Id. at 46-95.)  On November 2, 2012, the ALJ issued her Decision deeming Plaintiff "not disabled" at any time from October 10, 2009 through the date of her decision, November 2, 2012. (Id. at 25-39.)

1

The ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine with back pain and foraminal stenosis of the lumbar spine, small, right, central disc protrusions at T6-T7 and T7-T8, hypertension, Crohn's disease, frozen left shoulder, degenerative joint disease of the right knee with pain, obesity, and diabetes." (Id. at 28.) However, the ALJ concluded that Plaintiff "does not have an impairment or a combination of impairments that meets or medically exceeds the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Id. at 30.)

The ALJ concluded that Plaintiff has the "residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the exception of occasional pushing and pulling with the upper left extremity and occasional pushing and pulling with the right lower extremity". (Id. at 31.) The ALJ stated that Plaintiff "can occasionally balance, stoop, crouch and climb ramps and stairs", but that he "can never kneel, crawl, or climb ladders, ropes and scaffolds." (Id.) The ALJ stated that Plaintiff "is able to frequently reach with his upper left extremity including in front, laterally, and overhead." (Id.) According to the ALJ, Plaintiff "can have occasional exposure to extreme heat, cold and wetness as well as occasional exposure to vibrations, noise and hazardous conditions including unprotected heights and moving machinery." (Id.)

Based on this RFC and Plaintiff's age, education, and work experience, the ALJ found that Plaintiff is not disabled and that Plaintiff is capable of performing past relevant work as an attorney, a professor, or an online editor. (Id. at 38.) Plaintiff filed an appeal from this decision and, on February 21, 2014, the Appeals Council denied

Plaintiff's request for review, making the ALJ's ruling the final decision of the agency. (Id. at 2–5.)

Plaintiff initiated the present civil action in this Court on May 22, 2014. (ECF 3.) His Request for Review set forth eight alleged errors: (1) the ALJ did not fulfill her duty to develop the record; (2) the Appeals Council erred in not considering new evidence plaintiff submitted on appeal; (3) The ALJ erred in not properly evaluating the expert opinions of treating physicians and state agency consultants; (4) The ALJ erred in not considering the Department of Welfare's disability finding; (5) The ALJ erred in not recognizing plaintiff's failing spinal fusion, syncope, angina, sleep problems, and mental limitations as severe impairments; (6) The ALJ erred in failing to properly evaluate plaintiff's pain record; (7) The ALJ erred in misstating the VE's testimony; and (8) the ALJ erred in evaluating plaintiff and his sister's credibility. (ECF 22.) On July 29, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's Request for Review be denied. (ECF 31.)

Plaintiff subsequently filed Objections to the R&R. (ECF 34.) The objections essentially consist of the same issues he raised before the Magistrate Judge. (Id.)

## II.   STANDARD OF REVIEW[2]

### A.   Standard for Judicial Review of an ALJ's Decision

It is well-established that judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not

---

[2] **The five-step sequential analysis for assessing a disability claim was adequately summarized by the Magistrate Judge. In lieu of repeating that discussion, the Court incorporates by reference that portion of the R&R into this Memorandum.**

mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).  When making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  In other words, even if the reviewing court, acting de novo, would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence.  Id. at 1190–91; see also Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact'") (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."  Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

      B.      <u>Standard of Review of Objections to a Report and Recommendation</u>

Where a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in de novo review of only those issues raised on objection.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In so

doing, a court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

### III. DISCUSSION

Plaintiff's second Objection contends that the ALJ did not properly evaluate his pain. Plaintiff contends that the ALJ ignored evidence in the record that Plaintiff was being treated with morphine sulfate for his chronic low back and spinal pain and that the Magistrate Judge excused the omission by stating that an ALJ need not address every "tidbit" of information in the record.

The record reveals that Plaintiff was indeed taking morphine sulfate for his chronic back and spinal pain. (ECF 10-10 at 29, 31, 32, 34; ECF 10-11 at 75.) In addition, Plaintiff testified to the same during his hearing before the ALJ and added that the dose of morphine had recently been doubled. (ECF 10-2 at 52-53; 62-63.) In her decision, the ALJ did not discuss Plaintiff's morphine prescription. The ALJ only wrote that "[i]n January, 2011, his treating physician at Allentown Family Medical Practice noted the claimant's chronic back pain was controlled with Tramadol." (ECF 10-2, p. 33.) The Magistrate Judge acknowledged that the ALJ had not discussed plaintiff's morphine prescription. Specifically, the Magistrate Judge stated, "[s]imilarly, the ALJ did not discuss [plaintiff's] morphine prescription, but did refer to another prescribed pain medication and a treatment note that he was not compliant with his medication." (ECF 31, p. 15.) The Magistrate Judge then stated that the ALJ does not have to give a detailed analysis of each piece of evidence where doing so would be cumulative. (Id.)

5

In addition, the Appeals Council had before it treatment notes from St. Joseph's Medical Center (Theodore Schuck, D.O.) dated September 6, 2012 through October 26, 2012 (Exhibit 12F) that revealed that Plaintiff was no longer taking Tramadol, but was then taking 15 mg of morphine sulfate twice a day for chronic back pain. (ECF 10-13 at pp. 32-48.) Although the Appeals Council apparently considered Exhibit 12F, it did not mention plaintiff's morphine prescription in its decision denying plaintiff's request for review. Rather, the Appeals Council merely stated that the contents of Exhibit 12F (and those of other exhibits) were not "contrary to the weight of evidence currently of record."

The Court notes that morphine sulfate extended release tablets contain morphine, a Schedule II controlled substance under the Controlled Substances Act. A National Institute of Health website indicates that morphine sulfate extended release tablets are used to manage "pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate." Rodriguez v. Corizon Health Care, 2016 WL 3189960 at *2 (S.D.N.Y., June 6, 2016 )(citing Daily Med-MORPHINE SULFATE-morphine sulfate tablet, extended release, National Library of Medicine http://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=533034fd-c8e7-495b-8874-0db41bd1e65a) (last updated Oct. 31, 2014).

Therefore, the fact that plaintiff was taking morphine sulfate for his chronic back pain is much more than a mere tidbit of evidence. It is material evidence that may have changed the ALJ's disability determination.

Accordingly, this matter is remanded back to the Commissioner for consideration of Plaintiff's prescription of morphine sulfate on plaintiff's pain record.